# The West Branch Insurance Co. *versus* Macklin.

1. By the charter of a mutual insurance company, it was provided that the premium-notes should be paid as the corporation should direct; that every member should pay for losses and expenses in proportion to the amount of his note; and in an action to recover assessments, the certificate of the secretary specifying the amount, &c., should be primâ facie evidence of the amount due, &c. *Held*, that a statement of the condition of the company in 1863 was not evidence to rebut the correctness of an assessment in 1865.

2. An assessment made by the directors after an assignment by the company for the benefit of creditors was valid.

March 18th 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Mifflin county:* No. 105, to May Term 1870.

This was an action by The West Branch Insurance Company, to the use of their assignees for the benefit of creditors, against William Macklin. The suit was instituted before a justice of the peace for the recovery of assessments made on two notes given, for the premium on two different policies of insurance, issued by the plaintiffs to the defendant. The case was removed into the Court of Common Pleas by appeal. The paper-books did not show when the suit was brought or the appeal entered in court.

On the trial, January 11th 1869, before Woods, P. J., the plaintiffs gave in evidence their act of incorporation, approved April 12th 1855, Pamph. L. 1856, p. 648. It provided that

every person insuring should become a member of the company.

The 6th section provided that premium-notes should be received for insurance, "which shall be paid at such time and in such sums as the corporation shall from time to time require, &c.

The 9th section: That "every member shall be bound to pay for losses and such necessary expenses accruing in and to said company, in proportion to the amount of his deposit-note; and suits at law may be maintained by said corporation against any of its members for the collection of the deposit-notes or an assessment," &c.

The 10th section: "Whenever an assessment is made on any premium-note, * * and an action is brought for the recovery of such assessment, the certificate of the secretary, specifying the assessment and the amount due on such note by means thereof, shall be taken and received as primâ facie evidence thereof in all the courts of this Commonwealth."

The plaintiffs gave in evidence the premium-notes which were in the same form; one of them was:—

"$271, for value received in policy No. 5604, issued by the West Branch Insurance Company; We promise to pay the said company the sum of two hundred and seventy dollars, in such portions and at such times as the directors of said company may, agreeably to their act of incorporation, require. Dated the 24th day of February 1862.                    W. & G. MACKLIN."

Also certificates of the secretary of two assessments; one, September 29th 1865, for $9.60 on one note, and $40.50 on the other. Assessment, December 14th 1865, on one note $7.68, and on the other $32.40.

The defendants gave in evidence the assignment of the plaintiffs for the benefit of creditors, in the usual form, dated February 8th 1864—it recited that the company, "owing to sundry losses and misfortunes, is unable to discharge her just debts, and is willing to assign all her property for the benefit of her creditors."

They also gave in evidence, under objection and exception, a statement of the condition of the company on the 1st of April 1863, by which it appeared that at that date their assets were $53,923.51, and their liabilities $40,826.38.

Judge Woods charged:— * * *

"The principal matter of defence, however, is that these assessments were unnecessary and illegal, the company not having sustained any losses. This is a question of more difficulty than the other. The premium-notes are given so as to form a fund to draw from when necessary for the payment of losses, and can only be used for this purpose and to pay current expenses of the corporation. To attempt to use or collect them for any other

[West Branch Insurance Co. v. Macklin.]

would be illegal and wrong. When an assessment is laid it is primâ facie supposed to be right, but the laying of it is not conclusive. [The defendants in this case allege that the company had sufficient assets to pay all its legal and just liabilities without calling for the amounts now in suit, and that these additional ones are laid for the personal profit of the parties managing this corporation. If this be true, it would be an available defence to this action.] As we said before, if there are no losses or debts of the company more than they need funds on hand to meet, they would not be justifiable on assessment. The defendants in order to sustain their allegation have given in evidence a statement of the affairs of the company, made in April 1863 by its officers. This would be evidence to show the situation of the company at that time. This is their own statement, and they have not attempted to show a mistake in it, or that it was not correct. If this paper is correct, you will see how the affairs of this company stood. The plaintiffs say there may have been losses after that. This is true, and if any losses were sustained after that, the plaintiffs are entitled to recover in this suit. The plaintiffs knew who were insured, and if any losses were sustained they could have shown them by their books or otherwise if they had seen fit to do so. We then say to you that if you are satisfied from the evidence that the plaintiffs had sufficient funds on hand to pay all their liabilities and losses without these assessments, then they had nó right to lay them, and they cannot recover." But if you are not so satisfied from the testimony in the case, the plaintiffs have a right to your verdict for the amount claimed by them in this action."

The verdict was for the defendants.

The plaintiffs took a writ of error, and assigned for error the admission of the evidence objected to and the part of the charge in brackets.

*A. Reed*, for plaintiffs in error.—The assignment was the declaration of every member of the company that there had been losses; it being the act of all, and therefore evidence against defendants: Diehl v. Adams Co. M. Ins. Co., 8 P. F. Smith 443. The statement of 1863 was not evidence of the condition of the company when the assessments were made. The company was bound to assess enough to pay losses: Rhinehart v. Allegheny M. Ins. Co., 1 Barr 359; Coston v. Same, Id. 322.

*Uttley, Woods* and *Elder*, for defendants in error.

The opinion of the court was delivered, July 7th 1870, by

SHARSWOOD, J.—This was an action commenced originally before a justice of the peace to recover the amount of two assessments made on the defendants, who were members of the company plaintiffs, on their premium-notes. These notes promised to pay the sums mentioned "in such portions and at such times as the

[West Branch Insurance Co. *v.* Macklin.]

directors of said company may agreeably to their act of incorporation require." By the act of incorporation passed April 12th 1855, Pamph. L. of 1856, p. 648, it is provided that the premium-notes "shall be paid at such time or times, and in such sum or sums, as the corporation shall from time to time require." By the ninth section it is declared "that every member of said company shall be bound to pay for losses and such necessary expenses as aforesaid accruing in and to said company, in proportion to the amount of his deposit-note; and suits at law may be maintained by said corporation against any of its members for the collection of said deposit-notes or any assessment thereon," and by the tenth section "whenever an assessment is made on any premium-note given to this company in consideration for any policy of insurance issued by said company, and an action is brought for the recovery of such assessments, the certificate of the secretary, specifying the assessment and the amount due on such note by means thereof, shall be taken and received as primâ facie evidence thereof in all courts of this Commonwealth."

By the certificates of the secretary of the company, which were given in evidence by the plaintiffs, it appeared that the assessments now sued for were made respectively on September 29th 1865 and December 14th 1865.

The defendants offered in evidence a statement of the assets and liabilities of the company, dated April 1st 1863, made out and sent to their members as it would seem on the occasion of some former assessment. This statement was not offered to be followed, nor was it followed, by any other evidence going to show the condition of the company at the time the assessments in suit were made. It had no tendency by itself to rebut the prima facies of the assessments. Not only was there no such evidence, but the assignment before produced by the defendants, dated February 8th 1864, recites that "The West Branch Insurance Company, owing to sundry losses and misfortunes, is unable to discharge her just debts." We think, therefore, that the learned judge below fell into an error in admitting the statement of April 1st 1863, and in charging the jury as complained of in the second assignment—"The defendant in this case alleges that the company had sufficient assets to pay all its legal and just liabilities without calling for the amounts now in suit, and that these additional ones are laid for the personal profit of the parties managing this corporation. If this be true, it would be an available defence to this action." We think there was no evidence in the cause to rebute the prima facies of the secretary's certificate, and the jury should have been instructed to find a verdict for the plaintiff, for the amount of the assessments sued for.

Judgment reversed, and *venire facias de novo* awarded.